DANIEL G. WING, Receiver, vs. CHARLES MARTEL.

Androscoggin.     Opinion November 27, 1901.

*Bills and Notes.    Intox. Liquors.    Burden of Proof.    R. S., c. 27, § 56.*

In an action by an indorsee of negotiable notes, the maker defended upon the ground that they were given for intoxicating liquors sold in violation of R. S., c. 27, § 56, in that the liquors were purchased out of the state with the intention of unlawfully selling them within the state, and that the indorsee had notice of the illegal consideration of the notes so given. The presiding justice, after the evidence was taken out, directed a verdict for the plaintiff and the defendant excepted. *Held;*

1.   That if the evidence would have warranted a verdict for the defendant, the exceptions should be sustained; otherwise, overruled.

2.   It is first incumbent upon the defendant to prove that the notes were so given; and if he succeeds in proving either proposition, the burden will then be upon the plaintiff to show that he is a holder for a valuable consideration, without notice of the illegality of the contract.

3.   The evidence shows that the notes were given for intoxicating liquors; but nothing in the record has a tendency to show that the liquors were sold in violation of the statute, or that they were purchased out of the state for unlawful sale within the state. There is no evidence showing, or tending to show, where the liquors were purchased, or where they were intended to go, or to what use they were intended to be put. It does not appear that the liquors were ever shipped into the state, or were ever intended to be shipped here. The notes themselves were dated at Boston, where they were discounted, and there is no evidence which refers to any person, or thing, or place in this state, except that they were payable at a bank in this state. From that alone a jury would not be warranted in finding that the liquors were sold in violation of our law, or were intended, when purchased, for unlawful sale in this state.

4.   The indorsee was holder of the notes for a valuable consideration, without notice of any illegality in the contract, if such there were.

Exceptions by defendant.     Overruled.

This was an action brought by Daniel G. Wing, Receiver of the Globe National Bank of Boston, against Charles Martel to recover the amount of twelve promissory notes, given by the defendant to one Charles E. Maxwell, of Boston, and by him discounted at the

Globe Bank. The bank, between the dates of discount of the several notes and their maturity became insolvent and Daniel G. Wing, the plaintiff in this action, was appointed receiver.

The plea was the general issue with a brief statement " that the notes declared upon were given for intoxicating liquors sold in violation of the law, and for liquor purchased outside of the state of Maine and intended to be sold within the state contrary to law, and that the said Globe National Bank had notice of the illegality of the consideration."

At the conclusion of the testimony, the presiding justice directed the jury to find a verdict for the plaintiff. To this instruction the defendant excepted.

*D. J. McGillicuddy and F. A. Morey*, for plaintiff.

*J. L. Reade*, for defendant.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, POWERS, JJ.

SAVAGE, J. This suit is brought by the Receiver of the Globe National Bank, as indorsee upon several promissory notes. The defendant, who was the maker, defends upon the ground that the notes were given for intoxicating liquors sold in violation of our statute, and for such liquors purchased out of the state with the intention that they should be unlawfully sold within the state; and that the indorsee had notice of the illegality of the consideration. R. S., chap. 27, § 56.

The presiding justice below, after the evidence was taken out, directed the jury to return a verdict for the plaintiff. And to this direction, the defendant excepted. If the evidence in the case would have warranted the jury in returning a verdict for the defendant, the exceptions must be sustained; otherwise, overruled.

It is first incumbent upon the defendant to prove that the notes were given for liquors sold in violation of our statute, or for liquors purchased without the state, with the intention to sell the same, or some part thereof, in violation of our law; and if the defendant succeeds in proving either of these propositions, then the burden is

upon the plaintiff to show that the indorsee was a holder for a valuable consideration, without notice of the illegality of the contract.   *Oakes* v. *Merrifield*, 93 Maine, 297.

The evidence in this case shows clearly enough that these notes were given for intoxicating liquors.   But there is nothing whatever in the record which has a tendency to show that the liquors were sold in violation of our law, or that they were purchased out of the state, for unlawful sale within the state.   There is no evidence showing, or tending to show, where the liquors were purchased, or where they were intended to go, or to what use they were intended to be put.   It does not appear that the liquors were ever shipped into this state, or were ever intended to be shipped here.   The notes themselves are dated at Boston; and there is no evidence in the case which in any way refers to any person, or thing, or place in this state, except that the notes are made payable at a Bank in Lewiston.   From that alone, a jury would not be warranted in finding that the liquors were sold in violation of our law, or were intended, when purchased, for unlawful sale in this state.

Besides, we think the plaintiff has sustained the burden of showing that the Globe National Bank, the indorsee, was the holder of these notes for a valuable consideration, and without notice of any illegality of the contract, if such there were.

The ruling of the presiding justice was right, and the exceptions must be overruled.

*Exceptions overruled.*